# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GWEN DAIGLE,<br><br>                Plaintiff,<br><br>    v.<br><br>CITY OF OCEANSIDE, *et al.*,<br><br>                Defendants. | Case No. 19-cv-01180-BAS-WVG<br><br>**ORDER GRANTING PLAINTIFFS'** ***EX PARTE*** **APPLICATION TO FILE MOTION TO SUBSTITUTE PLAINTIFFS AND TO FILE PROPOSED SECOND AMENDED COMPLAINT**<br><br>**[ECF No. 23]** |

On February 3, 2020, Brandon Lee Daigle and Hunter Willow Munsterman, as successors-in-interest to Plaintiff Gwen Daigle, moved *ex parte* seeking to file a Motion to Substitute Plaintiffs and a proposed Second Amended Complaint ("SAC") in this case. (ECF No. 23.) The *ex parte* application is unopposed.[1]

To warrant *ex parte* relief, the moving party must show that it will suffer irreparable harm if the motion is not heard on an expedited schedule and that it either did not create the circumstances warranting *ex parte* relief or that the circumstances occurred as a result of excusable neglect. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

---

[1] *Ex parte* applications that are not opposed within two Court days must be considered unopposed and may be granted on that ground. *See* the Hon. Cynthia Bashant's Standing Order for Civil Cases § 6. Defendants have not filed an opposition to the instant application.

- 1 -

Here, both requirements are satisfied. First, Plaintiff's counsel states that the circumstances warranting this relief are the result of excusable neglect, as he "mistakenly believed" he had emailed a proposed SAC, substituting Gwen Daigle's children and mother as plaintiffs, to opposing counsel in mid-January, when he had in fact not done so. (Decl. of Jerry L. Steering ("Steering Decl.") ¶ 23, ECF No. 23-1.) Upon discovering this omission, Plaintiff's counsel immediately emailed defense counsel and attempted to contact them to conduct the pre-filing meet and confer seven days before the February 3, 2020 deadline to file the Motion to Substitute, as required by this Court's Civil Standing Order. (Steering Decl. ¶¶ 24–27.) The parties ultimately met and conferred on January 30, 2020. (*Id.* ¶¶ 30–34.) Defense counsel objected to the filing of the Motion less than seven days after the pre-filing conference, necessitating the instant *ex parte*. (*Id.* ¶¶ 35–36.)[2]

Second, the application sufficiently alleges irreparable harm because the Motion to Substitute must be filed with within 90 days of the filing of the Notice of Death. Fed. R. Civ. P. 25. The Notice of Death was filed November 5, 2020 (ECF No. 17); as such, the deadline to file the Motion to Substitute was February 3, 2020. Plaintiff's counsel requests that the Court allow the filing of the Motion (ECF No. 19) or, alternatively, extend this deadline to allow for a timely filing of the Motion. (Steering Decl. ¶ 41.)

Accordingly, the Court **GRANTS** the ex parte application. For good cause shown, the Court permits the filing of the Motion to Substitute/Motion to File SAC (ECF No. 19). Defendants may raise any timeliness objections in their Opposition to the Motion.

**IT IS SO ORDERED.**

**DATED: February 10, 2020**

Hon. Cynthia Bashant
United States District Judge

---

[2] Plaintiff's counsel also informed defense counsel that he would be filing the instant *ex parte* application, as required by Civil Local Rule 83.3(g), and asked if counsel opposed the motion. (Steering Decl. ¶ 36.) Counsel's declaration does not indicate whether defense counsel responded to this inquiry.