# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GWEN DAIGLE,<br><br>                         Plaintiff,<br>    v.<br>CITY OF OCEANSIDE, *et al.*,<br>                        Defendants. | Case No. 19-cv-1180-BAS-WVG<br><br>**ORDER GRANTING MOTION FOR SUBSTITUTION OF PLAINTIFF AND TO FILE SECOND AMENDED COMPLAINT**<br><br>**[ECF No. 19]** |

Plaintiff Gwen Daigle passed away on October 14, 2019. Brandon Lee Daigle, Hunter Willow Munsterman, and R.A.Q. now move to substitute as Plaintiffs in this action, and request that Deborah Carman be added as a party plaintiff. (Mot. to Substitute Plfs. and to File Second Am. Compl. ("Motion"), ECF No. 19.) Defendants filed a notice indicating their non-opposition to this Motion. (ECF No. 28.)

**I.    Motion for Substitution**

Pursuant to Federal Rules of Civil Procedure, "if a party dies and the claim is not thereby extinguished, the Court may order the substitution of proper parties." Fed. R. Civ. P. 25(a)(1). A motion for substitute may be made by "any party or by the decedent's successor or representative" and must be made within 90 days after service of a statement noting the death[.]" *Id.*; *see Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994).

On February 10, 2020, this Court granted the proposed Plaintiffs' *ex parte* application requesting that the Court accept the Motion to Substitute and Proposed Second

- 1 -

Amended Complaint ("SAC") filed on February 3, 2020. (ECF No. 24.) Because the Notice of Death was filed on November 5, 2019 (ECF No. 17), the deadline to file the Motion was February 3, 2020; thus, the Motion is timely under Rule 25(a)(1). Further, Brandon Lee Daigle, Hunter Willow Munsterman, and R.A.Q. are all alleged to be successors-in-interest to Gwen Daigle. These four individuals are therefore proper parties to substitute for Gwen Daigle under the Federal Rules.

## II. Motion to Add Party Plaintiff

The proposed Plaintiffs also seek to add Gwen Daigle's mother, Deborah Carman, "as a party plaintiff for her claim in violation of the right to familial relations." (Mot. at 2.) Because plaintiffs do not argue that Ms. Carman is Gwen Daigle's legal representative, Rule 25 does not govern this request. *See Mallonee v. Fahey*, 200 F.2d 918, 919 (9th Cir. 1952) ("Rule 25(a)(1) applies only to the substitution of legal representatives.") Instead, the Court understands this as a request for leave to amend under Rule 15 to add a Fourteenth Amendment claim and to add Ms. Carman as a plaintiff to this specific claim. The Court understands Defendants' non-opposition to Plaintiffs' Motion to File the SAC as consent to the amendment for purposes of Rule 15(a)(2). *See Estate of Silva v. City of San Diego*, No. 18-cv-2282-MMA (MSB), 2019 WL 3220165, at *10 (S.D. Cal. July 17, 2019). Hence Plaintiffs' addition of Ms. Carman does not require the court's leave.

## III. Conclusion and Order

Accordingly, the Motion to Substitute Plaintiffs and to File the SAC (ECF No. 19) is **GRANTED**. Plaintiffs Brandon Lee Daigle, Hunter Willow Munsterman, R.A.Q. shall be substituted for Plaintiff Gwen Daigle, and Plaintiffs shall file their SAC—including the noted additional claims and party plaintiffs—on or before **March 17, 2020**. In light of the pending amended complaint, Defendants' pending Motion to Dismiss and Motion for Judgment on the Pleadings (ECF Nos. 7, 9) are **DENIED AS MOOT**. Defendants may renew their motions as to SAC once it is filed on the docket.

IT IS SO ORDERED.

DATED: March 3, 2020

Hon. Cynthia Bashant
United States District Judge