# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON LEE DAIGLE *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF OCEANSIDE *et al.*,<br><br>Defendants. | Case No.: 19-CV-1180-BAS(WVG)<br><br>**ORDER GRANTING EX PARTE PETITION TO APPROVE SETTLEMENT INVOLVING A MINOR**<br><br>[Doc. No. 85.] |

Presently before the Court is Plaintiffs' unopposed *ex parte* motion for approval of a settlement involving a minor, R.A.Q. (or "Minor Plaintiff"). Having considered the moving papers, the Court finds the settlement is fair, reasonable, and in the best interest of the minor. The motion is GRANTED.

## I. BACKGROUND

### A. Allegations[1]

Minor Plaintiff's claim arose out of the (1) alleged the false arrest and alleged mistreatment of her mother, decedent Gwen Daigle, by Oceanside Police Department

---

[1] The factual allegations herein are for background purposes only. They remain allegations only.

police officers on October 19, 2018, (2) out of Gwen Daigle's incarceration and alleged mistreatment by San Diego County deputy sheriffs at the Vista Detention Center on October 20, 2018 pursuant to that arrest, and (3) out of the death of Gwen Daigle from an ischemic stroke suffered by her one year later, on October 6, 2019.

R.A.Q. is decedent Gwen Daigle's, natural and legal daughter and is one of Gwen Daigle's heirs, along with her half-sister and guardian ad litem, Plaintiff Heather Willow Munsterman, and her half-brother, plaintiff Brandon Daigle. Together, they are the decedent's biological children and her successors-in-interest. Plaintiff Deborah Carman is decedent Gwen Daigle's mother.

## B. The Proposed Settlement and Distribution

The parties filed a notice of settlement on November 30, 2021. Since then, the Oceanside City Council and the San Diego County Board of Supervisors have approved the settlement. The settlement agreement obligates the County of San Diego and the City of Oceanside defendants to pay Plaintiffs and their attorneys of record a total sum of $700,000.00. The parties have agreed to allocate the $700,000.00 settlement as follows:

- $175,000.00 (25%) to R.A.Q. and her attorney of record;
- $175,000.00 (25%) to plaintiff Brandon Daigle and his attorney of record;
- $175,000.00 (25%) to plaintiff Hunter Munsterman and her attorney of record; and
- $175,000.00 (25%) to plaintiff Deborah Carman and her attorney of record.

From the three adult plaintiffs, Plaintiffs' counsel seeks to retain $70,000 (or 40%) for attorneys' fees.[2] From R.A.Q.'s share of the settlement, counsel will retain $43,750 (or 25%).

## II.  LEGAL STANDARD

District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), "to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638

---

[2] In addition, R.A.Q.'s settlement is further reduced by R.A.Q.'s proportional share of incurred costs of $22,379. 59 or $5,594.90 from each plaintiff.

F.3d 1177, 1181 (9th Cir. 2011). In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978); *see also Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) (holding that "a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem").

The Ninth Circuit has also made clear that, in cases involving the settlement of federal claims, district courts should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable in light of the facts of the case, the minor's specific claim, and recovery in similar cases," and should "evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for the adult co-plaintiffs or plaintiffs' counsel - whose interests the district court has no special duty to safeguard." *Robidoux*, 638 F.3d at 1181-82 (citing *Dacany*, 573 F.2d at 1078). "So long as the net recovery to each minor plaintiff is fair and reasonable in light of their claims and average recovery in similar cases, the district court should approve the settlement as proposed by the parties." *Id*. at 1182.

### III.  ANALYSIS

In light of the facts of the case, the claims brought, and recoveries by similarly situated plaintiffs, the settlement sum to R.A.Q. is fair, reasonable, and in the best interest of the minor.

This action commenced on June 24, 2019, and the settlement allows for certainty of recovery for Minor Plaintiff, as opposed to the uncertainty associated with a jury verdict in light of the challenges of proving liability for the decedent's death given that it occurred a year after her incarceration. R.A.Q's damages injuries case arise from (1) the injuries allegedly suffered by plaintiff's decedent, Gwen Daigle, during her alleged false arrest on

October 19, 2018, (2) the injuries allegedly suffered by Gwen Daigle during her overnight incarceration at the Vista Detention Center, and (3) for Gwen Daigle's death on October 6, 2019—one year after she was released from custody. Of these three claims, the claim most likely to actually succeed at trial was the claims for the false arrest and physical mistreatment of Gwen Daigle by Oceanside Police Department officers and the failure to provide medical care by the San Diego County Sheriff's Department jail staff. However, Plaintiffs admit that because Gwen Daigle passed away one year after she was released from custody, it would be difficult to prove some sort of causal connection between the alleged wrongful acts of the Oceanside and San Diego County defendants and her death a year later. Accordingly, the majority of the likely provable damages to be obtained by R.A.Q. are for the alleged physical injury and the alleged pain and suffering suffered by Gwen Daigle pursuant to her false arrest and physical and mental claims—essentially general damages for personal injury. As a result, the settlement is eminently reasonable given the nature of the actual provable claims in this case.

Furthermore, although the motion does not identify any cases involving circumstances similar to those alleged in the matter at bar, the Court performed its own review of the case law and finds that Minor Plaintiff's net recovery to be fair and reasonable under the circumstances. *See*, *e.g.*, *Napier v. San Diego Cnty.*, 2017 WL 5759803 (S.D. Cal. Nov. 28, 2017) (finding settlement of minor's claims against San Diego County for the death of his father for $41,125 fair and reasonable; *Swayzer v. City of San Jose*, 2011 WL 3471217, at *1 (N.D. Cal. Aug. 5, 2011) (finding settlement of minor's section 1983 claims against the City for $2,054.17 fair and reasonable); *Doe ex rel. Scott v. Gill*, 2012 WL 1939612, at *2 (N.D. Cal. May 29, 2012) (finding settlement of minor's section 1983 claims for the death of her mother for $7,188 fair and reasonable); *Armstrong v. Dossey*, 2013 WL 4676541, at *5 (E.D. Cal. Aug. 30, 2013) (finding settlement of minors' § 1983 claims for their father's death for $22,500 for minor); *Frary v. Cnty. of Marin*, 2015 WL 575818 (N.D. Cal. Feb 10, 2015) (finding settlement of minor's § 1983 and negligence claims for a net recovery of $73,844.39 fair and reasonable); *Lobaton v. City of San Diego*,

2017 WL 2610038, at *3 (finding settlement of minor's emotional distress and negligent infliction of emotional distress claims for $10,000.00 fair and reasonable.).

The method of disbursement also appears to be fair and reasonable. The proceeds of the settlement will be sequestered in a blocked bank account, which will distributed to the Minor Plaintiff once she reaches the age of 18. R.A.Q. is now 15 years old, and a delay of three years before R.A.Q. can access the funds is not unreasonable.

"In addition to assessing whether the settlement is fair and reasonable, the Court must approve the attorneys' fees and costs to be paid for representation of a minor." *R.T.B. v. United States*, No. 19CV2305-W(KSC), 2021 U.S. Dist. LEXIS 244745, at *15 (S.D. Cal. Dec. 22, 2021). "In contingency fee cases, attorneys' fees for representing a minor historically have been limited to 25% of the gross recovery." *Id.* (citing multiple cases). Here, plaintiffs' counsel will retain 25% of R.A.Q.'s share of the settlement, which the Court finds fair and reasonable.

## IV. CONCLUSION

For the reasons stated above, the Court GRANTS the *ex parte* motion.

**IT IS SO ORDERED**.

Dated:  February 4, 2022

Hon. William V. Gallo
United States Magistrate Judge